1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SALVADOR MENA,

11             Plaintiff,              No. CIV S-03-2024 MCE GGH P

12        vs.

13   MIKE KNOWLES, Warden, et al.,

14             Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendant Dr. Walter J. Schimon's motion for

18   summary judgment, filed July 13, 2005.  Plaintiff did not file an opposition.  On August 10,

19   2005, defendant Schimon filed a reply to plaintiff's non-opposition, noting that plaintiff had

20   failed to file an opposition and asserting that any late-filed opposition would be untimely.

21   Plaintiff filed no response to defendants' reply.

22             In the order directing service filed April 9, 2004, and again in the order, filed on

23   June 30, 2004, the court stated that "[i]f plaintiff does not serve and file a written opposition to

24   the motion or a request to postpone consideration of defendants' motion, the court may consider

25   the failure to act as a waiver of opposition to defendant's motion."  See Local Rule 78-230 (m).

26   Defendant Schimon filed and served a notice of motion and, in any event, defendant's reply

1

1  alerted plaintiff as to the pending motion to which any opposition was overdue.

2          A district court may not grant a motion for summary judgment simply because the

3  nonmoving party does not file opposing material, even if the failure to oppose violates a local

4  rule.  Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18  F.3d 651, 652

5  (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993).

6  However, when the local rule does not require, but merely permits the court to grant a motion for

7  summary judgment, the district court has discretion to determine whether noncompliance should

8  be deemed consent to the motion.  Id.

9          In the instant case, plaintiff has been warned that his failure to oppose a motion

10  for summary judgment may be deemed a waiver of opposition to the motion.  Based on

11  plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to

12  defendant's motion for summary judgment.  In the alternative, the court finds that defendant

13  Schimon's motion has merit.

14          Accordingly, IT IS HEREBY RECOMMENDED that defendant Schimon's July

15  13, 2005 motion for summary judgment be granted, that judgment be entered for defendant

16  Schimon, and that this action proceed only as to the remaining defendants.

17  \\\\\

18  \\\\\

19  \\\\\

20  \\\\\

21  \\\\\

22  \\\\\

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1   .           These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3 days after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6 shall be served and filed within ten days after service of the objections.  The parties are advised

7 that failure to file objections within the specified time may waive the right to appeal the District

8 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9 DATED:   1/19/06

                                      /s/ Gregory G. Hollows

10

                                      UNITED STATES MAGISTRATE JUDGE

11 GGH:009
mena2024.46ggh

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26