```
 1  BILL LOCKYER, Attorney General
       of the State of California
 2  DARRYL L. DOKE, Lead
       Supervising Deputy Attorney General
 3  WILLIAM A. KRABBENHOFT, (State Bar No. 119197)
       Deputy Attorney General
 4  1300 I Street, P.O. Box 944255
     Sacramento, CA 94244-2550
 5  Telephone: (916) 324-5334

 6  Facsimile:  (916) 322-8288

 7  Attorneys for Defendants Rosanne Campbell,
    Glen Douglas, M.D., Mike Knowles,
 8  Brett Williams, M.D., Gilbert Sainz, M.D.,
    and Christopher Smith, M.D.,
 9
```

|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| SALVADOR MENA, | CASE NO. CIV 03-2024 MCE GGH P |
| Plaintiff, | **NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES** |
| v. | |
| MIKE KNOWLES, et al., | |
| Defendants. | |

TO PLAINTIFF IN PRO SE:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, rule 56, and Local Rule 78-230(m) defendants Rosanne Campbell, Mike Knowles, Brett Williams, M.D., Glen Douglas, M.D., Gilbert Sainz, M.D., and Christopher Smith, M.D. hereby move the court for summary judgment or, in the alternative, for summary adjudication of issues.  The motion is made on the ground that the defendants provided plaintiff with adequate medical care consistent with community standards and were in no way deliberately indifferent to plaintiff's medical needs.  There is no triable issue of fact and each defendant is entitled to judgment as a matter of law.  There is absolutely no basis upon which to award plaintiff the injunctive relief he seeks.

The motion is based upon this notice, the accompanying memorandum of points and authorities, defendants' Separate Statement of Undisputed Facts, the evidence in

1  support thereof, the pleadings, records, and files in this action. Defendants may also

2  offer such additional evidence as may be necessary in reply to any opposition.

3      PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 78-230(m),

4  this motion is submitted on the record without oral argument unless otherwise ordered

5  by the court. This motion is based upon the notice and motion and separate statement

6  of undisputed material facts, supporting memorandum of points and authorities, the

7  declarations of Roseann Campbell, Mike Knowles, Brett Williams, M.D., Glen Douglas,

8  M.D., Gilbert Sainz, M.D., and Christopher Smith, M.D., the declaration of William A.

9  Krabbenhoft, the pleadings, records and files in this action and such other matters as

10  may properly come before the court.

11      Plaintiff is directed to United States Magistrate Judge Gregory Hollow's Order of

12  June 30, 2004, in which Judge Hollows ordered all motions for summary judgment be

13  briefed pursuant to Local Rule 78-23(m) which provides as follows:

> "(m) Motions in Prisoner Cases. All motions, except motions to dismiss for lack of prosecution, filed in cases wherein one party is incarcerated and proceeding in properia persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be in writing and shall be served and filed with the clerk by the responding party who has not more than eighteen (18) days, plus three (3) days for mailing, after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating a motion in questions. Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than five (5) court days after the opposition is served, plus three (3) days of mailing, serve an file a reply to the opposition. All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first."

### NOTICE OF RULES RELATING TO SUMMARY JUDGMENT

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson *v.* Liberty Lobby, Inc.,

477 U.S. 242, 251- 252 (1986). A party seeking summary judgment bears the initial responsibility of informing the I Court of the basis of its motion, and identifying those portions of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Cop. v. Catrett*, 477 U.S. I 317, 325 (1986) (quoting Fed. R. Civ. Proc., Rule 56(c)).

If the moving party meets its initial burden showing "the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Cop. v. Hartford Acc. & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). Plaintiff must do more than simply show there is some metaphysical doubt as to the material facts. *Matshushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

Rather, plaintiff must come forward with sufficient evidence demonstrating to the Court that there are genuine issues of material fact to be decided at the trial. Fed. R. Civ. Proc., Rule 56(e). Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. Fed. R. Civ. Proc., Rule 56(e). If the record, taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'. *Matsushita, supra*, 475 U.S. 587.

Furthermore, pursuant to Local Rule 56-260, any party opposing a motion for summary judgment shall file a concise statement, and the source thereof in the record, of all material facts as to which there is a genuine issue precluding summary judgment.

Additional information concerning summary judgment may be found in Local Rules 78-230 and 56-260, the cases cited above, and *T. W. Electric Sew. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626 (9th Cir. 1987).

WHEREFORE, defendants Roseann Campbell, Mike Knowles, Brett Williams, M.D., Glen Douglas, M.D., Gilbert Sainz, M.D., and Christopher Smith, M.D. pray as follows:

1. That summary judgment be granted;
2. That plaintiff be denied injunctive and/or declaratory relief;
3. That plaintiff's complaint be dismissed with prejudice and judgment entered in favor of each defendant; and
4. For such other relief the Court may deem proper.

Dated:  June 28, 2006          Respectfully submitted,

BILL LOCKYER, Attorney General
of the State of California
DARRYL L. DOKE, Lead
Supervising Deputy Attorney General

**/S/ WILLIAM A. KRABBENHOFT**

WILLIAM A. KRABBENHOFT
 Deputy Attorney General

Attorneys for Defendants

10242199.wpd

# DECLARATION OF SERVICE

Case Name: **Salvador Mena v. Mike Knowles, et al.**
Case Number**:**     **CIV-S-03-2024 MCE GGH P**

I declare:

    I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made.  I am 18 years of age or older and not a party to the within entitled cause.  On **June 30, 2006**, I placed the attached

**NOTICE OF MOTION AND MOTION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES**

and served in the method described below:

 XXX   **First Class Mail**.  Placed a true copy in a sealed envelope, postage thereon fully prepaid.  That I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

_____ **Facsimile Transmittal**.  That on the date shown above, I sent by facsimile machine a true copy of the above-mentioned document(s) to the person(s) and at the facsimile number indicated below.

_____ **Personal Service**.  That I handed a true copy to each person indicated below.

_____ **California Overnight and/or UPS Overnight Service**.  Placed a true copy in a sealed envelope, with delivery charges pre-paid, addressed as indicated below, to be delivered by next day air.

addressed as follows:

Salvador Mena (C-27575)
Mule Creek State Prison
P.O. Box 409000, A-1-148-L
Ione, CA 95640-9000


    I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on June 30, 2006, at Sacramento, California.


                                                    /s/ Debra De Frantz
                                        _____
                                        DEBRA De FRANTZ