BILL LOCKYER, Attorney General
  of the State of California
DARRYL DOKE, Lead
  Supervising Deputy Attorney General
WILLIAM A. KRABBENHOFT
  Deputy Attorney General
  State Bar No. 119197
1300 I Street, P.O. Box 944255
Sacramento, CA  94244-2550
Telephone: (916) 324-5334
Facsimile:  (916) 322-8288

Attorneys for Defendants Rosanne Campbell
Glen Douglas, M.D., Mike Knowles, Brett
Williams, M.D., Gilbert Sainz, M.D., and
Christopher Smith, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MENA,<br><br>           Plaintiff,<br><br>     v.<br><br>MIKE KNOWLES, et al.,<br><br>           Defendants. | Case No.  CIV 03-2024 MCE GGH P<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

**I.**

**THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED AS PLAINTIFF DOES NOT PRESENT ANY EVIDENCE, MEDICAL OR OTHERWISE, THAT THE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO HIS MEDICAL NEEDS**

In their motion for summary judgment, the medical defendants (Drs. Williams, Douglas, Sainz and Smith) submitted undisputed evidence that they treated plaintiff properly, were not indifferent to his medical needs, took no action to intentionally cause plaintiff pain, and treated him within the standard of care in the community.[1] In addition, defendants pointed out that the Court's own independent medical expert, Dr. Christopher Evans, essentially concluded the same and

---

1. In his opposition, plaintiff does not dispute defendants Knowles' and Campbell's declarations that they are in no position to grant plaintiff relief nor were ever deliberately indifferent to plaintiff.

1

1  that the defendant doctors agreed with Dr. Evans' opinions.

2  In his opposition, plaintiff does not offer any expert medical opinion to support his
3  claims. This is fatal to his case. As this court wrote in its February 23, 2005 Opinion denying
4  plaintiff's motion for TRO/Preliminary Injunction (Doc. No. 35), expert opinion will usually be
5  necessary to establish the necessary level of deliberate indifference when complex medical issues
6  are involved (Opinion p.13:12-17). This Court also stated: "[t]hus, although there may be
7  subsidiary issues of fact in dispute, plaintiff must provide expert evidence that the treatment he
8  received equated with deliberate indifference." (*Id*.)

9  Mindful of the foregoing, plaintiff now attacks the credibility of the court appointed
10 expert, Dr. Christopher Evans (Opposition, p.2) with unsupported, unverified, and undocumented
11 claims about Mule Creek medical records and an alleged conflict of interest because plaintiff has
12 apparently heard through the grapevine (again, unverified) that defendant Dr. Douglas is "assigned"
13 at U.C. Davis. Indeed, plaintiff's modus operandi should be clear to the court now - attack and/or
14 sue any person who denies plaintiff the medicine he wants. It should also be clear to the Court that
15 <u>seven</u> (7) doctors who have examined plaintiff over the last six (6) years all tell the same story:
16 plaintiff is not suffering from any condition that requires the use of ms-contin (morphine) and can
17 be properly treated with non-narcotic medications.

18 Plaintiff is getting the "palliative" treatment he refers to in his opposition. The
19 undisputed evidence shows plaintiff is being given pain medication - not just the kind he wants.

20 Finally, defendants note plaintiff sums his care up best when he says defendants "they
21 agree to disagree with plaintiff" (Opposition, p.14). Thus, in plaintiff's own eyes, he sees this case
22 as a difference of medical opinion - which case law clearly holds does not constitute deliberate
23 indifference or an Eighth Amendment violation.

24 / / /
25 / / /
26
27
28

**CONCLUSION**

Accordingly, defendants submit they have proven by undisputed medical evidence they were not deliberately indifferent to plaintiff's medical needs and summary judgment should be granted in their favor.

Dated: October 2, 2006

                                        BILL LOCKYER, Attorney General
                                          of the State of California
                                        DARRYL L. DOKE, Lead
                                          Supervising Deputy Attorney General

                                        /s/  William A. Krabbenhoft

                                        WILLIAM A. KRABBENHOFT
                                        Deputy Attorney General
                                        Attorneys for Defendants Rosanne Campbell Glen Douglas, M.D., Mike Knowles, Brett Williams, M.D., Gilbert Sainz, M.D., and Christopher Smith, M.D.

# DECLARATION OF SERVICE

Case Name:   *Salvador Mena v. Mike Knowles, et al.*

Case Number**:**   **CIV-S-03-2024 MCE GGH P**

I declare:

    I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am 18 years of age or older and not a party to the within entitled cause. On October 2, 2006, I placed the attached

    DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

and served in the method described below:

  X    **First Class Mail**. Placed a true copy in a sealed envelope, postage thereon fully prepaid. That I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

      **Facsimile Transmittal**. That on the date shown above, I sent by facsimile machine a true copy of the above-mentioned document(s) to the person(s) and at the facsimile number indicated below.

      **Personal Service**. That I handed a true copy to each person indicated below.

      **Golden State Overnight and/or UPS Overnight Service**. Placed a true copy in a sealed envelope, with delivery charges pre-paid, addressed as indicated below, to be delivered by next day air.

addressed as follows:

SALVADOR MENA, C-27575        Plaintiff, In Pro Se
Mule Creek State Prison
P.O. Box 409000, A-1-148-L
Ione, CA 95640-9000

    I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on October 2, 2006, at Sacramento, California.

                                /s/  Maureen D. Armistead

                                Maureen D. Armistead