ORIGINAL

Salvador Mena, C-27575
Mule Creek State Prison
P.O. Box 409020, A-1-148-L
Ione, California 95640

IN PROPRIA PERSONA



**FILED**

OCT 1 0 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR MENA,

           Plaintiff,

    vs.

ROSANNE CAMPBELL, et al.,

        Defendants.

_____/

Case No. CIV 03-2024 MCE GGH P

PLAINTIFF'S REPLY TO DEFENDANTS
REPLY TO PLAINTIFF'S MOTION OPPOS-
ING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, OR IN THE   ALTERNATIVE,
SUMMARY ADJUDICATION    OF   ISSUES

I.

PLAINTIFF'S MOTION OPPOSING DEFENDANTS'   MOTION FOR
SUMMARY JUDGMENT SHOULD BE GRANTED, AND DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BASED
ON THEIR MISREPRESENTATIONS OF STATEMENTS MADE UNDER
OATH, EXCUSING PLAINTIFF FROM HAVING TO PRESENT EXPERT
EVIDENCE AT THIS POINT

In their motion for summary judgment, Defendants Dr. Brett Williams,

M.D., CMO, Dr. Glen Douglas, M.D., Dro Christopher Smith, M.D., and Dr. Gilbert

Sainz, M.S., CMO (retired), assert that they have adduced undisputed evidence

that they treated Plaintiff properly, and were not indifferent to his medical

needs, and that they took no action to intentionally cause plaintiff pain, and

///

that they treated Plaintiff within the standard of care required by surround-
ing communities. Defendants also allude to the court-appointed expert, Dr.
Christopher Evans, relying and agreeing with his conclusions.

Defendants point-out to this court that Plaintiff "does not offer any
expert medical opinion to support his claims." (Defendants' Reply To Plaintiff's
Opposition To Motion For Summary Judgment, [hereafter Reply], p. 2:2-3.)

Plaintiff submits that his evidence comes directly from the defendants
own statements made under oath. The law and this court do not have to accept
lies and distortions in evaluating a motion to dismiss when those lies and dis-
tortions are so blatently obvious. A prime example of defendants argument is
found in their statement stating:

> "Mindful of the foregoing, plaintiff now attacks the
> credibility of the court appointed expert, Dr. Christopher
> Evans ... with **unsupported, unverified, and undocumented**
> claims about Mule Creek medical records and **an alleged**
> conflict of interest because plaintiff has apparently
> heard **through the grapevive** (again, unverified) that
> defendant Dr. Douglas is '"assigned"' at U.C. Davis."

(Reply, p. 2:9-13.)(Emphasis added.)

Plaintiff based his allegations regarding defendant Douglas' conflict
of interest on his statement made under oath. Defendant Douglas states: "1
serve as Assistant Clinical Professor, Department of Family Practice, Univer-
sity of California at Davis, Sacramento Medical Center, Sacramento, CA.... "
(Please see, Declaration of Glen Douglas, M.D., In Support Of Defendants'
Motion For Summary Judgment; Exhibit D., Evidence In Support Of Defendents'
Motion For Summary Judgment Or, In The Alternative, Summary Adjudication Of
Issues; Page 1, paragraph 2., lines: 27-28.)

///

///

By his own admission made under oath, defendant Douglas states that he is an Assistant Clinical Professor at the University of California at Davis, Sacramento, California, and Dr. Christopher Evans, M.D., states that he is an Associate Professor, Urological Surgical Oncology, at the School of Medicine, University of California, Davis, Sacramento, California. (See, Exhibit G., Evidence In Support Of Defendants' Motion For Summary Judgment Or, In The Alternative, Summary Adjudication Of Issues.) Therefore, it can hardly be disputed that defendant Douglas is assigned at the University of California at Davis as an Assistant Professor and Dr. Christopher Evans, M.D., is assigned as an Associate Professor at the University of California at Davis. Both Dr. Evans, and defendant Douglas are professors at the University of California at Davis, and therefore, a conflict of interest exists because of their association at the same location where each practice as professors. Plaintiff did not hear, as asserted by defendants' through the **"grapevine"** that defendant Douglas is assigned at the University. The information came from defendant Douglas. Plaintiff submits that when people work in such close proximity it creates a certain degree of loyality to each other.

Next, Defendants' attack Plaintiff by stating: "Indeed, plaintiff's modus operandi should be clear to the court now – attack and/or sue any person who denies plaintiff the medicine he wants." (Reply, p. 2:13-14.) This is an example of the ongoing mindset that plaintiff is no more than a drug seeker. Defendants respondent attempts to impress the court with his so-called expert witnesses stating that: "It should be clear to the Court that seven (7) doctors who have examined plaintiff over the last six (6) years all tell the same story: plaintiff is not suffering from any condition that requires the use of ms-contin (morphine) and can be properly treated with non-narcotic medications." (Reply, p. 2:14-17.)

-3-

Defendants' respondent fails to explain that of the alleged seven (7) doctors, only one (1) actually performed a physical examination which Plaintiff questions. Defendant Williams has never claimed that he physically examined the plaintiff. Defendant Douglas has never claimed that he physically examined the plaintiff. Defendant Sainz never claimed that he physically examined the plaintiff. Dr. Walter J. Schimon, M.D., never claimed that he physically examined the plaintiff. Dr. John Friend, M.D., did not physically examined plaintiff due to cancer pain, and this claim was verified by defendant Sainz. Dr. Christopher Evans never claimed that he physically examined plaintiff. Of all the alleged doctors referred to by defendants respondent, only one ever physically examined plaintiff, and that examination was conducted on November 8, 2000. It should be noted that the November 8, 2000, physical examination is the only examination plaintiff has undergone by these defendants, and non-defendants.

Defendants' respondent makes much ado about plaintiff's failure to produce expert medical opinions countering those of the defendants and the court-appointed expert. Plaintiff has found it unnecessary to produce any such evidence based on the lies, distortions, and misrepresentations made by the defendants' in their own words. For example, does plaintiff have to produce an expert witness to counter defendant Williams reason for discontinuing the MS-Contin when in his declaration he offers his reliance on Dr. Friends advise, when Dr. Friend has been discovered not to be a cancer pain specialist, and where Dr. Friend was not asked to evaluate plaintiff's cancer pain. Defendant Williams perjurious declaration suffices as evidence that plaintiff is being denied his Eighth Amendment right to effective medical treatments preventing cruel and unusual punishment.

///

///

-4-

Does plaintiff have to produce an expert witness to counter the declar-
ation submitted by defendant Douglas where he claims that: "If called as a wit-
ness, I could competently testify to those matters. [¶] 5. I examined and treated
Inmate Salvador Mena ("Inmate Mena") on several occasions from approximately
August 2000, to August 2003." (Evidence In Support Of Defendants' Motion For
Summary Judgment Or, In The Alternative, Summary Adjudication Of Issues, p. 2.)
Plaintiff asserts that defendant Douglas has never performed a physical examin-
ation on him. Defendant Douglas interchanges words to mean one thing when they
should mean another. Defendant Douglas is using "examination" for what he actually
did, i.e., "interviewed" plaintiff several times on several occasions.

Plaintiff respectfully directs this Honorable Court to defendant Douglas'
egregous and incompetent statement that any lay-person would understand to be
outrageous. Defendant Douglas states: "He received a biopsy in 1998, which may
have removed any traces of his cancer,..." (Evidence In Support Of Defendants'
Motion For Summary Judgment Or, In The Alternative, Summary Adjudication Of
Issues, p. 2:13-14.) Plaintiff will challenge the truth and correctness of this
statement that no medical doctor would support or agree with. Here, Douglas
opines that a biopsy can, by happenstance, remove the cancer. Even a lay-person
understands that surgical removal of any cancer is usually followed by some
type of chemo-therapy or radiation therapy. Plaintiff is not aware of any pro-
cedure where prostate cancer is surgically removed without follow-up treatments.
This statement demonstrates defendant Douglas' incompetence as a practicing
physician and one that requires removal from medical practice. No doctor would
make such a statement. Prostate cancer can not be competently treated with sur-
gery, and no more. Plaintiff submits that defendant Douglas' statement speaks
as his designated medical expert. If a trial were to be held none of the def-
endants would testify in support of defendant Douglas' statement.

-5-

Defendants have not provided evidence other than their subjective and biased opinions. Plaintiff need not present an expert (poly'demeanor'ologist-polygraph'ologist [phonic]) to point-out the perjurious statements made by the defendants. Defendant Williams discontinued prescribing the proper medications based on advise of a non-existing pain specialist, a Dr. John Friend, that was discredited as a bonafide cancer pain specialist, and the report prepared by Dr. Friend was completed on or about November 22, 2000, a time period when defendant Williams was not employed by Mule Creek or, at least to plaintiff's knowledge.

Defendant Sainz relied on the purported second medical opinion that was to come from Dr. Walter J. Schimon, M.D., and where this medical information was tainted by defendant Douglas' improper influence.

Defendant Smith relied on the purported non-existing examination from Dr. John Friend in recommending that plaintiff's medication be discontinued.

Plaintiff submits that he was not required to present independent advise or evidence from an expert when an expert on lies, distortions and misrepresentations is not known to plaintiff.

Defendants' respondent is grasping at straws knowing full-well that the defendants' could not come before a jury and defend themselves with the evidence presently before this Court. Defendants have not produced any reliable or credible evidence permitting this Honorable Court to grant their motion. The declaration are replete with purjurious statements that cannot be attributed to some slip-of-the-tongue defense at a later stage of the proceedings.

Plaintiff has, in greater part, relied on the statements made by the defendants' and has challenged the truthfulness and correctness of documents generated by the institution. Plaintiff has not made any misrepresentations nor has he embellished his statements.

-6-

II.

Summary judgment is to be granted if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. "If there is no genuine factual issue, summary judgment does not violate the right to a juey trial, since the purpose of trials is only to decide factual issues." See, Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988).

A "material" fact is one that "might affect the outcome of the suit under the governing law.... Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc. (1986) 477 U.S. 242, 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). A "genuine" issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 248; see Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990)(allegation that jail drinking water made the plaintiff ill did not raise a genuine factual issue because he submitted no medical evidence, the water was from the city water supply, and no other inmates complained), cert. denied, 111 S. Ct. 2056 (1991); Murphy v. Dowd, 757 F.Supp. 1019, 1022 (E.D.Mo. 1990)(affidavit that contradicted prisoner's deposition did not raise a genuine issue of fact).

In determining whether there is a genuine issue of material fact, the court must view all facts and all reasonable inferences in favor of the non-moving party. Matushita Electric Industrial Co., Ltd. v. Zenith Radio Corp. (1986) 475 U.S. 574, 587; Hathaway v. Coughlin, 841 F.2d 48, 50 (2d Cir. 1988); see Smith v. Maschner, 899 F.2d 940, 949 (10th Cir. 1990)(circumstantial evidence could create an issue of material fact barring summary judgment); Wilson v. City of Chicago, 707 F.Supp. 379, 381-382 (N.D.Ill. 1989)(summary judgment

-7-

could not be granted to a police supervisor whose conduct permitted the infer-
ence that he condoned or encouraged excessive force).

In plain English, all of this means; if the facts are not in dispute,
or if the factual dispute is over something that doesn't matter to the outcome
of the case, the court can decide who wins the case based on the papers sub-
mitted, without any further proceedings.

If there is a dispute over facts that make a difference in the case,
the court must deny summary judgment. The case will then proceed to trial to
determine the facts. The court is not supposed to decide disputed facts or
assess credibility on a summary judgment motion. Wilson v. Williams, 997 F.2d
348, 350-351 (7th Cir. 1993); Gray v. Spullman, 925 F.2d 90, 95 (4th Cir. 1991);
Titran v. Ackman, 893 F.2d 145, 147 (7th Cir. 1990).

## CONCLUSION

For the above reasons Defendants' motion for summary judgment or, in
the alternative, summary adjudication of issues, should be denied, and there
 Reply to Plaintiff's Opposition to motion for summary judgment should be dis-
regarded.

Dated: October 5, 2006

Respectfully Submitted,

Salvador Mena, C-27575,
Plaintiff,
In Propria Persona

///
///
///
///
///

-8-

## VERIFICATION

I, Salvador Mena, C-27575, state:

I am the plaintiff in this action. I have read the foregoing document and motion PLAINTIFF'S REPLY TO DEFENDANTS' REPLY, and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Mule Creek State Prison, Ione, California 95640, on this 5th day of October 2006.

Salvador Mena, C-27575,

DECLARANT

///

///

///

///

///

///

///

///

///

///

///

///

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SALVADOR MENA,                               Case No. CIV 03-2024 MCE GGH P

    Plaintiff,

vs.                                          **PROOF OF SERVICE BY MAIL**

ROSANNE CAMPBELL, et al.,

    Defendants.

_____/

I hereby certify that on October 5, 2006, I served a copy of the attached

PLAINTIFF'S REPLY TO DEFENDANTS REPLY TO PLAINTIFF'S MOTION OPPOSING DEFENDANTS

MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF

ISSUES, by placing a copy in a postage paid envelope addressed to the person

hereinafter listed, by depositing said envelope in the United States Mail at

Mule Creek State Prison, Ione, California 95640:

WILLIAM A. KRABBENHOFT (SBN 119197)
Deputy Attorney General
1300 I Street, P.O. Box 944255
Sacramento, California 94244-2550

I declare under penalty of perjury that the foregoing is true and correct.

                                    Salvador Mena, C-27575,
                                    Person Completing Service